### No. 48

No. 18286. STATE OF OHIO v. GEORGE J. McKAY

Error to Court of Appeals, Cuyahoga County, filed in Supreme Court, Jan. 1, 1924. 2 Abs. 46.

For opinion of Appellate Court, see I Abs. 867

941. PRACTICE AND PROCEDURE.

The facts in this case are, briefly stated, as follows:

The parties to this action occupy the same positions in the Court of Common Pleas as they do in the Supreme Court. The defendant was indicted for embezzlement of $20,000.00 of the funds of the Born Steel Range Company. He was returned from the City of St. Louis, Mo., April 15, 1923; and entered his plea of not guilty to that indictment. On April 19,

1923, he retracted his former plea of not guilty and entered a plea of guilty. On April 21, 1923, he was sentenced to the Ohio Penitentiary for a period of from eight to ten years.

On May 16, 1923, he filed a motion to vacate said judgment and set aside his plea of guilty, and on May 21, 1923, after due consideration, the trial court overruled said motion. Error was then prosecuted to the Court of Appeals, resulting in a reversal of the judgment of the Common Pleas. Error is now prosecuted to the Supreme Court to reverse the Court of Appeals, and affirm the judgment of the Common Pleas.

There are three questions to be presented for review:

1. After a plea of guilty to an indictment for embezzlement, can the defendant, twenty-five days after such plea, file a motion to set aside the sentence, judgment and plea in order to permit him to enter a plea of not guilty, and have the case submitted to a jury, where no objection is made to the indictment?

2. If such motion is filed, setting forth as grounds therefor that he was induced to plead guilty on the promise that an indictment against his wife would be nolled; that the Assistant Prosecuting Attorney promised him clemency—does a refusal by the trial court to grant such motion under such conditions constitute error which is reviewable in error proceedings?

If such motion is also based upon a statement that the defendant has newly discovered evidence without any showing that such evidence was not known to him at the time he entered a plea of guilty, and which also does not state what such evidence is, and the statement with relation thereto is in the language of the statute only, is the overruling of such motion error?

Attorneys—E. C. Stanton, Pros., and Walter I. Krewson, Asst., Cleveland, for the plaintiff; T. J. Ross and O. D. Eshelman, Cleveland, for McKay.